IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:02cr104WJG-1
                                                                CIVIL ACTION NO. 1:04cv568WJG

RICKIE EDWARD HUTCHERSON

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Rickie Edward Hutcherson's motion to vacate, set-aside or correct sentence [88-1] pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On March 5, 2003, Hutcherson pleaded guilty to one count of possession of pseudoephedrine with intent to manufacture methamphetamine, carrying a maximum term of imprisonment of 20 years.  As part of his negotiated plea agreement, Hutcherson waived his right to appeal the conviction/sentence or the manner in which it was imposed.  In addition, he waived his right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion.  On June 11, 2003, Hutcherson was sentenced to 108 months imprisonment, 5 years supervised release, and a $100.00 special assessment.  On June 24, 2003, the Court entered its Judgment of conviction.  Hutcherson did not file an appeal, but on June 15, 2004, Hutcherson filed the instant motion seeking to vacate his sentence due to ineffective assistance of counsel. On July 20, 2004, Hutcherson, in his memorandum in support of his motion, added *Blakely v.*

*Washington,* 124 S. Ct. 2531 (2004), as grounds for relief.

As noted above, Hutcherson entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 61, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994).  The record clearly indicates that the Court explained the effect of the plea agreement and its waiver to Hutcherson, and that Hutcherson understood and voluntarily entered into the plea agreement.  (Ct. R., Doc. 92, pp. 12-14.)

Hutcherson asserts that his representation was ineffective because (1) his counsel allowed him to plea to a more severe count in the indictment; (2) his counsel failed to appeal the denial of a downward departure; (3) his counsel failed to assist him regarding cooperation with the United States; (4) his counsel failed to challenge probable cause for the arrest; (5) his counsel failed to secure a chemist for sentencing purposes; and (6) his counsel allowed him to waive his right to appeal.  (Ct. R., Doc. 88.)  The Court need not consider these arguments because Hutcherson's voluntary waiver dispenses with his claims.  Plainly, Hutcherson does not directly challenge the validity of the waiver or the plea, alleging only ineffective assistance during sentencing or matters beyond the waiver or plea itself.  *See U.S. v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ( holding that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself).

Hutcherson's waiver applies equally to his claims for relief based on *Blakely*.  Even

ignoring the waiver, the Fifth Circuit has expressly stated that *Blakely* is not retroactively applicable to cases on collateral review.  *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Simply put, *Blakely* does not apply to Hutcherson's case, and his arguments to the contrary are without merit.

Hutcherson has failed to present any evidence that his waiver and plea was anything but voluntary and fully informed.  The Court finds that Hutcherson has failed to show that his attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984).  Consequently, the Court finds that Hutcherson's motion to vacate [88-1] pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED that Hutcherson's  motion to vacate [88-1] be, and is hereby, denied.  It is further,

ORDERED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED this the 13th day of February, A.D., 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
